IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Mr. Mark Adkins<br><br>       Plaintiff,<br><br>       v.<br><br>Nickwon Arvinger,<br>By Kiy, LLC,<br>By Kiy Online, LLC<br>Kiy Studios, LLC<br><br>       Defendant. | CASE NO.: _____ |

## COMPLAINT

Plaintiff Mark Adkins (hereinafter "Plaintiff" or "Mr. Adkins"), by and through his attorneys of record, hereby allege as follows:

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, 17 U.S.C. § 101 *et seq.*

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyright).

3. This Court has in personam jurisdiction over the Defendant pursuant to the Virginia Long-Arm Statute, Va. Ann. § 8.01-328.1.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) and 28 U.S.C. § 1400(a).

## PARTIES

5. Plaintiff Mark Adkins (hereinafter "Plaintiff" or "Mr. Adkins") is an individual residing in Bowie, Maryland.

6. By Kiy, LLC ("By Kiy") is a limited liability company organized under the laws of the State of New Jersey having a place of business at 7221 Kennedy Boulevard, North Bergen, New Jersey 07047.

7. By Kiy Online, LLC is a limited liability company organized under the laws of the State of New Jersey having a place of business at 7221 Kennedy Boulevard, Suite A, North Bergen, New Jersey 07047.

8. Kiy Studios, LLC is a limited liability company organized under the laws of the State of New Jersey having a place of business at 7221 Kennedy Boulevard, Suite A, North Bergen, New Jersey 07047

9. Defendant Nickwon Arvinger ("Defendant Arvinger" or "Arvinger") is a designer in the sneaker and fashion industry. Upon information and belief, Arvinger, p/k/a "Kool Kiy" is a resident of Jersey City, NJ.

10. Upon information and belief, Arvinger is a principle of By Kiy, LLC, By Kiy Online, LLC and Kiy Studios, LLC, and is a moving, conscious, and active force behind the infringing acts described herein, and actively participated in and approved such acts of infringement.

**FACTS COMMON TO ALL COUNTS**

11.   In 1988, Mr. Adkins founded Student Bodies, Inc., ("SBI") a company with a mission to assist the United Negro College Fund ("UNCF") and other organizations generate financial support for UNCF institutions.

12.   Later that year, as part of SBI's mission, Mr. Adkins developed the logo depicted below referred to herein as the "SBC Logo."



13.   On or about April 10 1989, Mr. Adkins applied for registration of copyright for the SBC logo. Effective that same day, the United States Copyright Office issued a certificate of registration for the SBC Logo having a registration number VA 343-830 (the "'830 Registration"). A copy of the certificate of registration and the copyright deposit is attached hereto as Exhibit 1.

14.   Mr. Adkins is the sole owner of the '830 Registration.

15.   SBI placed the Support Black Colleges logo on merchandise including, t-shirts, and mugs as depicted below.



16. To raise the profile of its efforts, SBI secured celebrity endorsements from prominent athletes and entertainers and received exposure in national publications.

17. The world-renowned filmmaker, actor and producer, Spike Lee, wore a sweatshirt bearing the Support Black Colleges Logo for his interview featured in the August 1989 issue of ELLE Magazine.

18. World champion boxer Sugar Ray Leonard wore a tank top featuring the Support Black Colleges Logo during his weigh-in for his championship boxing match against Roberto Duran in December 1989 as depicted below.



19. The Black Collegian magazine featured SBI in an article in its March/April 1990 issue.

20. The comedian and actor Tommy Davidson wore an SBI button and hat both featuring the Support Black Colleges logo in his 1991 movie Strictly Business.

21. After very promising start, SBI was unable to realize its vision and ceased operations in the mid 1990's.

22. Despite SBI ceasing operations, through the years, Mr. Adkins maintained his desire create a vehicle to financially assist and to otherwise support Historically Black Colleges and Universities (HBCU's).

23. In the fall of 2020, following the racial reckoning that took place in the wake of the death of George Floyd in the summer of 2020, Mr. Adkins considered resurrecting the business that he had started many years earlier.

24. Mr. Adkins believed that SBI was ahead of its time in the 80's, but that in the aftermath of the summer of 2020, the climate of the United States was ripe to resurrect the business that Mr. Adkins had conceived of decades earlier. Accordingly, in late 2020, Mr. Adkins initiated discussions of his plans with potential business partners.

25. In the spring of 2021, Mr. Adkins was shopping at Footlocker Inc.'s Foot Action retail store in Tysons Corner, Virginia when to his shock and dismay, he saw the below t-shirt bearing his SBC logo displayed in a shadow box.



26. Motivated to investigate, shortly thereafter Mr. Adkins learned that shirts bearing the SBC logo were available for sale by Foot Action online at www.footaction.com.

**DEFENDANT AND DEFENDANTS' UNLAWFUL CONDUCT**

27. Upon information and belief, Defendants promote, display and sell merchandise through various social media applications, websites and pop-up shops.

28. Upon information and belief, Defendants had access to the SBC logo.

29. Without license, permission or authorization, Defendants copied the SBC logo and reproduced, reprinted the SBC logo on merchandise including t-shirts, baseball caps and hoodies as shown below.



30. Upon information and belief, Defendants sold and continue to sell merchandise bearing the SBC logo on various platforms including Instagram, pop up shops and

7

websites such as https://bykiy.shop without Plaintiff's license, permission or authorization.

31. Defendants have and continue to publicly display merchandise bearing unlawful copies of the SBC logo at least on Instagram.

32. Upon information and belief, Defendants provided Foot Action with its supply of shirts bearing the SBC logo.

## DEFENDANT'S WILLFUL INFRINGEMENT

33. On October 7, 2021, Plaintiff's representative sent Mr. Arvinger a cease-and-desist letter advising him of his infringing conduct and requesting that such conduct be immediately halted. A copy of the cease-and-desist letter is attached hereto as Exhibit 2.

34. Despite notification and express instructions, Defendants continued their infringing conduct.

35. For example, as of the filing of this action, Defendants continue to at least publicly display merchandise bearing the SBC logo on the kool.kiy Instagram account.

## COUNT I
### Copyright Infringement Pursuant to 17 U.S.C. § 501 *et seq.*

36. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 35 as if fully set forth herein.

37. The Copyright Registration issued from an application submitted to the Copyright Office on or about April 10, 1989, well prior to the infringements set forth herein.

38. By the actions alleged above, Defendants have willfully infringed and continue to infringe Plaintiff's copyright in the SBC logo by reproduction, display, distribution, licensing, and/or sale without Plaintiff's permission or authorization.

39. Defendants knew or should have known that they had no rights in the SBC logo at least because shirts produced by SBI bearing the SBC logo included a copyright notice.

40. Defendants willfully and intentionally infringed Plaintiff's exclusive rights in the SBC logo under 17 U.S.C. § 106, in violation of 17 U.S.C. § 501.

41. As a direct and proximate result of the copyright infringement detailed herein, Plaintiff has incurred and continues to incur damages in an amount unknown at present and to be determined at trial.

42. In the alternative and at his election, Plaintiff is entitled to seek statutory damages for the acts of willful infringement by Defendants for a work by Plaintiff in an amount of up to $150,000 per infringement.

43. Plaintiff has suffered and is continuing to suffer irreparable injury from the Defendants' conduct as alleged, and Plaintiff has no adequate remedy at law to protect his rights in the SBC logo and to prevent Defendants from continuing their infringement and their injury to Plaintiff.

44. As a direct and proximate result of the copyright infringements detailed herein, Plaintiff is entitled to preliminary and permanent injunctive relief enjoining and restraining Defendants from infringing his copyright in the SBC logo.

45. Plaintiff is entitled to recover his legal fees and costs pursuant to 17 U.S.C. § 505.

## COUNT II
## Violation of The DMCA
## (17 U.S.C. § 1202(b))

46. Plaintiff repeats and realleges each of the allegations contained in paragraphs 1 through 45 as if fully set forth herein.

47. Defendants, without the authorization of Plaintiff, intentionally removed copyright management information from the SBC logo and thereafter distributed the SBC logo having reasonable grounds to know that such acts would induce, enable, facilitate or conceal an infringement of copyright, in violation of 17 U.S.C. § 1202(b)(1) and (3). The removal of copyright management information from the SBC logo by Defendants and subsequent distribution of the SBC logo by Defendants, as alleged above, was and is willful and intentional, and was and is executed with full knowledge of Plaintiff's rights under the Copyright Law, and in disregard of those rights.

48. Plaintiff is entitled to recover his actual damages suffered as a result of the violation and any profits of Defendants attributable to the violation and not taken into account in computing actual damages.

49. In the alternative and at his election, Plaintiff is entitled to seek statutory damages of up to $25,000 for each unauthorized act of reproduction, distribution, or display of the SBC logo without proper copyright management information pursuant to 17 U.S.C. § 1203(c).

50. Plaintiff is entitled to recover costs and attorney's fees from Defendants pursuant to 17 U.S.C. § 1203(b)(4) and (5).

51. Defendants' violations of 17 U.S.C. § 1202(b)(1) and (3) have caused, and, unless restrained by this Court, will continue to cause, irreparable injury to Plaintiff not

fully compensable in monetary damages. Pursuant to 17 U.S.C. § 1203(b)(1), Plaintiff is entitled to a preliminary and permanent injunction enjoining Defendants from such further violations.

## JURY DEMAND

Pursuant to Rule 38(b), Fed. R. Civ. P., and the Seventh Amendment to the United States Constitution, the Plaintiff hereby demands a trial by jury.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays for relief as follows:

1. That the Complaint be sustained in Plaintiff's favor;

2. For a judgment that Defendants have knowingly and willfully infringed Plaintiff's copyright in the SBC logo;

3. For a judgment that Defendants have (i) knowingly and willfully removed the Copyright Management Information ("CMI") associated with the SBC logo, and (ii) knowingly and willfully distributed the SBC logo knowing that the CMI had been altered, all with intent to induce, enable, facilitate or conceal the infringement of the SBC logo;

4. For an order under 17 U.S.C. §§ 502(a) and 1203(b) enjoining Arvinger and other Defendants permanently and during the pendency of this action from directly or indirectly infringing the SBC logo or committing violations with respect to the Copyright Management Information.

5. For an order accounting for all monetary damages to Plaintiff and/or all profits by Defendants, or, alternatively, an award of statutory damages;

6. For an order awarding Plaintiff all costs and attorney's fees incurred herein;

7. For pre- and post- judgment interest according to law; and

8.    For an order awarding such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: /s/ Warren A. Zitlau
Warren A. Zitlau, Esq. VSB # 39672
Frederick N. Samuels (pro hac vice to be filed)
Attorneys for Mark Adkins
CAHN & SAMUELS, LLP
1100 17th Street, NW, Ste. 401
Washington, D.C.  20036
(202) 331-8777 Phone
(202) 331-3838 Fax
warren.zitlau@cahnsamuels.com,
frederick.samuels@cahnsamuels.com